The United States District Court For The
Eastern District of Texas
Marshall Division

| | |
|---|---|
| Sherrie Dryden, Individually, and as § <br> Representative of the Estate of § <br> Spencer Landon Hampton, Deceased, § <br> § <br> v. § <br> § <br> Aaron John Corbett and § <br> Nomad Building Services d/b/a § <br> Australian Outback Buffalo Safari's § | C.A. No. 2:24-cv-274 <br><br> Jury Trial Demanded |

### First Amended Complaint

To The Honorable Judge of Said Court:

Comes Now, SHERRIE DRYDEN, Individually, and as Representative of the Estate of SPENCER LANDON HAMPTON, Deceased, hereinafter sometimes called "Plaintiffs", complaining of Defendants, AARON JOHN CORBETT and NOMAD BUILDING SERVICES D/B/A AUSTRALIAN OUTBACK BUFFALO SAFARI'S, hereinafter sometimes collectively referred to as "Defendants", and for causes of action would respectfully show the Court as follows:

### I. Parties

1.1     Plaintiff, SHERRIE DRYDEN, is a resident of the State of Texas.

1.2     Defendant, AARON JOHN CORBETT, an individual who is a nonresident of Texas, may be served with process, pursuant to the Hague Convention, at 4 Oxford Street, Chiltern, Victoria, 3683, Australia; or wherever else found.

1.3     Defendant, NOMAD BUILDING SERVICES D/B/A AUSTRALIAN OUTBACK BUFFALO SAFARI'S, ("NOMAD"), is a foreign corporation organized and existing under the laws of Australia, Australian Company Number (ACN) 605 789 393, whose principal place of business is 119 Mackay Street, Chiltern, Victoria, 3683, Australia.  Defendant NOMAD may be served with

process, pursuant to the Hague Convention, by delivering a copy of the summons and complaint to Defendant NOMAD's registered office address: 119 Mackay Street, Chiltern, Victoria, 3683, Australia.  In the alternative, Defendant NOMAD may be served with process, pursuant to the Hague Convention, by personally serving Defendant NOMAD's director, Defendant AARON JOHN CORBETT, at 119 Mackay Street, Chiltern, Victoria, 3683, Australia; 4 Oxford Street, Chiltern, Victoria, 3683, Australia; or wherever else found.

## II. Venue and Jurisdiction

2.1     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

2.2     This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(2) because the suit is between a citizen of a U.S. state and citizens of a foreign state that are not lawfully admitted permanent U.S. residents domiciled in the same U.S. state, and the amount in controversy exceeds $75,000, excluding interests and costs.

## III. Background Facts

3.1     On January 8, 2024, SPENCER LANDON HAMPTON was operating a motor vehicle traveling northbound on SH 8 in Bowie County, Texas.  At that time, Defendant AARON JOHN CORBETT was operating a motor vehicle traveling southbound on SH 8.  Due solely to the negligence of Defendant CORBETT, Defendant CORBETT crossed over into SPENCER HAMPTON's lane and collided head on with SPENCER HAMPTON's vehicle.  Defendant CORBETT's negligence proximately caused the collision with SPENCER HAMPTON's vehicle.  Tragically, SPENCER HAMPTON was declared deceased at the scene of the collision.  SPENCER HAMPTON was the husband of Plaintiff SHERRIE DRYDEN.

3.2     At all material times, Defendant CORBETT, an Australian resident, was in Texas under the authority of, and within the course and scope of employment with, Defendant NOMAD to further Defendant NOMAD's business in Texas.

3.3     Nothing SPENCER HAMPTON did, or failed to do, caused the accident in question. Rather it was the negligence of Defendant CORBETT which caused this occurrence and SPENCER HAMPTON's resulting death. Plaintiff SHERRIE DRYDEN brings this wrongful death cause of action in her individual capacity and as the representative of the estate of SPENCER LANDON HAMPTON.

**IV. Cause of Action: Negligence, Negligence *Per Se*, and Gross Negligence**

4.1     Defendant AARON JOHN CORBETT breached a legal duty of care owed to SPENCER HAMPTON. Defendant CORBETT was negligent in the operation of a motor vehicle in the following manner:

a.     Failing to timely apply the brakes;

b.     Failing to maintain a proper lookout;

c.     Being inattentive and failing to maintain proper control of his vehicle;

d.     Failing to turn the vehicle to avoid the collision;

e.     Failing to yield the right-of-way;

f.     Failing to drive in a single lane;

g.     Operating his vehicle in a reckless manner; and

h.     Failing to change lanes only when safe to do so.

4.2     Defendant CORBETT's acts and/or omissions constitute a failure to use care as described above. Defendant CORBETT's failure to use ordinary care was a proximate and

producing cause of SPENCER HAMPTON's death and Plaintiff SHERRIE DRYDEN's damages. Defendant CORBETT is therefore liable to Plaintiff SHERRIE DRYDEN for her husband's death.

4.3    To the extent, Defendant CORBETT was intoxicated at the time of the wreck, this would be an additional act of negligence, amounting to negligence as a matter of law, negligence *per se* and gross negligence.

4.4    Defendant CORBETT's violation of applicable state laws, including but not limited to Texas Penal Code, 49.08 - intoxication manslaughter, amounts to negligence as a matter of law. Furthermore, Defendant CORBETT's violations of the standards of ordinary care and rules and regulations amounts to negligence as a matter of law. Defendant CORBETT's violations contained above amounted to negligence *per se*. Each of such acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the accident and the death of SPENCER HAMPTON. Defendant CORBETT knew or should have known that his wrongdoing would more than likely cause the death of SPENCER HAMPTON.

4.5    Defendant AARON JOHN CORBETT was grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff SHERRIE DRYDEN's claims and damages and SPENCER HAMPTON's injuries, damages and resulting death.

4.6    Defendant CORBETT's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendant CORBETT for his callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiff SHERRIE DRYDEN therefore asks for punitive and exemplary damages in addition to all actual damages.

4.7    At the time of the wreck, Defendant CORBETT was the agent, servant, or employee

of Defendant NOMAD BUILDING SERVICES D/B/A AUSTRALIAN OUTBACK BUFFALO SAFARI'S, and was acting within the scope of his authority as agent, servant or employee.

## V. Damages

5.1    This suit is brought in part pursuant to Texas Civil Practice and Remedies Code Section 71.001, et seq., commonly referred to as the "Texas Wrongful Death Act", and pursuant to any and all other applicable laws, including the common law of the State of Texas.

5.2    As a proximate result of Defendants' acts and/or omissions, as set forth above, SPENCER LANDON HAMPTON died. Plaintiff, SHERRIE DRYDEN, brings this suit to recover just compensation for the damages suffered by SPENCER HAMPTON and the damages she has suffered as the result of the death of her husband.

5.3    As a proximate result of Defendants' acts and/or omissions, as set forth above, Plaintiffs have suffered the following damages:

 a. The loss of their loved one;

 b. Funeral and burial costs and expenses;

 c. Physical pain and suffering of SPENCER HAMPTON, Deceased, prior to his death;

 d. Mental anguish, torment and torture of SPENCER HAMPTON, Deceased, prior to his death;

 e. Damages resulting from the premature death of SPENCER HAMPTON, Deceased, past and future;

 f. Loss of SPENCER HAMPTON, Deceased, earning capacity past and future;

 g. Loss of advice and counsel, past and future;

 h. Loss of services, past and future;

 i. Loss of love, companionship, society and affection, past and future;

  j.  Loss of inheritance and financial support, past and future;

  k.  Mental grief, anguish, torment and loss as a result of the death of SPENCER HAMPTON, Deceased, past and future;

  l.  The Estate and Widow allege property damages; and/or

  m.  Exemplary damages.

5.4 Plaintiffs seek monetary relief in excess of $75,000.00, exclusive of interest and costs.

## VI. JURY DEMAND

6.1 Plaintiffs request a trial by jury.

## VII. PRE AND POST-JUDGMENT INTEREST

7.1 Plaintiffs would additionally say and show that they are entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sues for recovery of pre-judgment and post-judgment interest as provided by law and equity.

## VIII. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiffs have judgment against Defendants, jointly and severally, that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that they recover interest, both pre- and post-judgment, to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

        Respectfully submitted,


        <u>*/s/Corey Kronzer*</u>
        Bristol Baxley, SBOT# 00787049
        Corey Kronzer, SBOT# 24097956
        **Rome, Arata & Baxley, L.L.C.**
        9307 Broadway, Suite 309
        Pearland, Texas 77584
        (281) 993-0000
        (281) 993-0035 Fax

        ATTORNEYS FOR PLAINTIFFS