UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SHERRIE DRYDEN, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF SPENCER LANDON HAMPTON, DECEASED** | |
| **Plaintiffs,** | **CIVIL ACTION NO. 2:24-cv-274** |
| **v.** | |
| **AARON JOHN CORBETT AND NOMAD BUILDING SERVICES D/B/A AUSTRALIAN OUTBACK BUFFALO SAFARI'S** | |
| **Defendants/Counter-Plaintiff,** | |
| **v.** | |
| **SHERRIE DRYDEN, AS REPRESENTATIVE OF THE ESTATE OF SPENCER LANDON HAMPTON, DECEASED** | |
| **Counter-Defendant,** | **JURY TRIAL DEMANDED** |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIMS

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants Aaron John Corbett and Nomad Building Services d/b/a Australian Outback Buffalo Safari's (hereinafter, the "Defendants") file this Original Answer in response to the First Amended Complaint of Plaintiffs Sherrie Dryden, Individually, and as Representative of the Estate of Spencer Landon Hampton, Deceased (hereinafter, the "Plaintiffs") and would respectfully show the Court as follows:

1.1     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the First Amended Complaint.

1.2     Defendants admit this paragraph of the First Amended Complaint.

1.3     Defendants admit this paragraph of the First Amended Complaint.

2.1     Defendants admit that venue is proper in the Eastern District of Texas, but the Marshall division is not the proper division for this action because a substantial part of the events or omissions giving rise to these claims occurred only in the Texarkana Division.  Defendants deny that venue is proper in this division.

2.2     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the First Amended Complaint and therefore deny them.

3.1     Defendants deny the allegations in this paragraph of the First Amended Complaint.

3.2     Defendants deny the allegations in this paragraph of the First Amended Complaint.

3.3     Defendants deny the allegations in this paragraph of the First Amended Complaint.

4.1     Defendants deny the allegations in this paragraph of the First Amended Complaint, including subsections a – h.

4.2     Defendants deny the allegations in this paragraph of the First Amended Complaint.

4.3     Defendants deny the allegations in this paragraph of the First Amended Complaint.

4.4     Defendants deny the allegations in this paragraph of the First Amended Complaint.

4.5     Defendants deny the allegations in this paragraph of the First Amended Complaint.

4.6     Defendants deny the allegations in this paragraph of the First Amended Complaint.

4.7     Defendants deny the allegations in this paragraph of the First Amended Complaint.

5.1     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the First Amended Complaint and therefore deny them.

5.2     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the First Amended Complaint and therefore deny them.

5.3     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the First Amended Complaint and therefore deny them, including subsections a – m.

5.4     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the First Amended Complaint and therefore deny them.

6.1     Defendants admit that Plaintiffs request a trial by jury.

7.1     Defendants deny this paragraph of the First Amended Complaint.

7.2     Defendants deny the allegations in the prayer paragraph of the First Amended Complaint.

# I.
## AFFIRMATIVE DEFENSES

1.      Pleading further, and in the alternative where appropriate, Defendants assert the following affirmative defenses and other pleadings or responses to Plaintiffs' claims against Defendants.  By asserting any affirmative defense or other pleading or response herein, Defendants do not assume or alter the burden of proof as to any cause of action or allegation that properly belongs to Plaintiffs.  Defendants assert the following affirmative defenses and other pleadings or responses to Plaintiffs' claims without admitting liability or responsibility, all of which is denied.  Defendants further reserve the right to assert other affirmative or additional defenses and/or to supplement or amend this answer upon discovery of facts or evidence rendering such action appropriate.

2.      Defendants allege that Plaintiffs' injuries were the result of an unavoidable accident.

**DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIMS** – Page 3

3.     Defendants allege that Plaintiffs' injuries were the result of a sudden emergency.

4.     Defendants allege that they are not liable for any injuries resulting from pre-existing conditions that might have contributed to or caused the accident in question.

5.     Defendants allege that recovery for medical or healthcare expenses is limited to the amounts actually paid or incurred by Plaintiff pursuant to Texas Civil Practice & Remedies Code 41.0105.

6.     **Comparative Negligence** - Defendants assert that the conduct of all other parties to this lawsuit should be compared by the court and jury under the doctrine of comparative responsibility as set forth in the Texas Civil Practices and Remedies Code § 33.001 *et seq*. In the event Plaintiffs obtain any award of damages in this case, Defendants' liability, if any, for any such recovery should be limited to its respective percentage of comparative responsibility in accordance with Chapter 33 of the Texas Civil Practices and Remedies Code.

7.     **Contributory Negligence** - Defendants assert that, in the event Plaintiffs obtain any award of damages in this case, Plaintiffs' recovery should be reduced in proportion to Plaintiff's percentage of comparative responsibility and, in the event Plaintiffs' responsibility exceed 50%, Plaintiffs are not entitled to any recovery.

8.     **Net Loss** - Defendants plead and assert that recovery for alleged lost earnings, if any, is limited to net loss after reduction for federal income tax obligations.  Further, this Court is required to instruct the jury regarding the application of federal income taxes to Plaintiff's claims for compensatory damages.  Texas Civil Practices and Remedies Code, §18.091.

9.     **Pre-Judgment Interest** - In the event Defendants are ordered to pay pre-judgment interest for unaccrued damages, which liability Defendants expressly deny, such an award would violate the following provisions, among others, of the Constitution of the State of Texas and the

U.S. Constitution: (i) Trial by Jury, Tex. Const. Art. I, §15; (ii) Due Process, U.S. Const. Amend. and XIV, Tex. Const. Art. I, §13; and (iii) Constitutional Rights are Inviolate, Tex. Const. Art. I, §28.  Further, Defendants plead the limitations for pre-judgment interest as set forth in the Texas Finance Code.

10.    Plaintiffs cannot recover punitive damages in this case because such an award would be unconstitutional, illegal or against public policy.  Specifically, punitive damages are not proper in this case because any award in this matter, based in any respect upon the jury's consideration of the wealth or net worth of Defendant(s), would violate the right to due process and equal protection clauses under the Texas and United States Constitutions.  Furthermore, an award of punitive damages violates public policy since Texas law allows for the full compensation of a claimant relative to every element of actual damages.  If such an award were to be made, then those damages must be capped pursuant to the Texas Damages under Chapters 41 and 71, et. seq. of the Texas Civil Practice and Remedies Code and the Due Process Clause of both the United States and Texas Constitutions.

## II.
## COUNTERCLAIMS

11.    Defendant Aaron John Corbett, hereinafter referred to as Counter-Plaintiff, respectfully files these counterclaims against Plaintiff Sherrie Dryden, as Representative of the Estate of Spencer Landon Hampton, Deceased, hereinafter referred to as Counter-Defendant, and for causes of action shows the Court the following, to-wit:

## III.
## PARTIES

12.    Counter-Plaintiff, Aaron John Corbett, is an individual who is a citizen and resident of Australia and a nonresident of Texas.  Mr. Corbett resides at 119 Mackay Street, Chiltern, Victoria, 3683, Australia, and the last three digits of his driver's license are 013.

**DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIMS – Page 5**

13.     Counter-Defendant, Sherrie Dryden, as Representative of the Estate of Spencer Landon Hampton, Deceased, is a resident of the State of Texas and may be served through counsel of record, herein.

### IV.
### JURISDICTION AND VENUE

14.     The subject matter in controversy is within the jurisdictional limits of this Court. Counter-Plaintiff seeks only monetary relief in excess of $250,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

15.     This Court has jurisdiction over the Parties under 28 U.S.C. § 1332.

16.     Venue is proper in the Eastern District of Texas, but the Marshall division is not the proper division for this action because a substantial part of the events or omissions giving rise to these claims occurred only in the Texarkana Division.

### V.
### FACTS

17.     On the night of January 8, 2024, Counter-Plaintiff, Aaron John Corbett was operating a motor vehicle traveling south bound on SH 8 in Bowie County, Texas.  At that time, Spencer Landon Hampton was operating a motor vehicle traveling northbound on SH 8 in Bowie County, Texas.  Both Mr. Corbett and a witness stated that Mr. Hampton was swerving back and forth across the center line of SH 8, driving recklessly.  Mr. Corbett tried to take evasive action in his vehicle to avoid a collision with Mr. Hampton, but he was unable to avoid the collision because of Mr. Hampton's reckless driving.  Mr. Hampton's negligence proximately caused the head-on collision with Mr. Corbett's vehicle.  Tragically, Mr. Hampton was declared deceased at the scene of the collision.

18.     As a result of this collision, Mr. Corbett suffered horrendous injuries, including multiple broken bones, requiring his hospitalization for days.  Upon his release, Mr. Corbett received continued treatment and therapy in an attempt to fully recover from these injuries.  He has now recovered as much as is likely and is still unable to walk without a significant interruption in his gait as well as continuous pain.  Because of this, he was unable to operate his guided hunting business for all of 2024 and continues to operate it within his new physical limitations.

19.     Counter-Defendant Sherrie Dryden, as Representative of the Estate of Spencer Landon Hampton, Deceased, breached a legal duty of care owed to Counter-Plaintiff Aaron Corbett. Mr. Hampton was negligent in the operation of a motor vehicle in the following manner:

a. Failing to timely apply the brakes;

b. Failing to maintain a proper lookout;

c. Being inattentive and failing to maintain proper control of his vehicle;

d. Failing to turn the vehicle to avoid the collision;

e. Failing to yield the right-of-way;

f. Failing to drive in a single lane;

g. Operating his vehicle in a reckless manner; and

h. Failing to change lanes only when safe to do so.

20.     Counter-Defendant's acts and/or omissions constitute a failure to use care as described above.  Counter-Defendant's failure to use ordinary care was a proximate and producing cause of severe injuries to Counter-Plaintiff Aaron Corbett and substantial economic and non-economic damages.  Counter-Defendant is therefore liable to Counter-Plaintiff for these damages.

# VI.
# DAMAGES

21.    As a proximate result of Counter-Defendant's acts and/or omissions, as set forth above, Counter-Plaintiff Aaron Corbett suffered life-altering injuries which prohibited him from operating his guided hunt company for an entire year.  Counter-Plaintiff, Aaron Corbett, brings these counterclaims to recover just compensation for the damages he suffered.

22.    As a direct and proximate result of the occurrence made the basis of these counterclaims, Counter-Plaintiff has incurred and seeks the following damages:

a.    Reasonable medical care and expenses in the past.  These expenses were incurred by Counter-Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

b.    Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

c.    Physical pain and suffering in the past;

d.    Physical pain and suffering, which in reasonable probability, will be suffered in the future;

e.    Mental anguish in the past;

f.    Mental anguish, which, in reasonable probability, will be suffered in the future;

g.    Physical impairment in the past;

h.    Physical impairment which, in reasonable probability, will be suffered in the future;

i.    Disfigurement in the past;

j.    Disfigurement which, in reasonable probability, will be suffered in the future;

k.    Loss of earnings in the past; and

l.    Loss of earning capacity which, in reasonable probability, will be incurred in the future.

m.    Counter-Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part

of his damages herein, and Counter-Plaintiff here and now sues for recovery of pre-judgment and post-judgment interest as provided by law and equity.

23.    Counter-Plaintiff seeks monetary relief in excess of $75,000.00, exclusive of interest and Costs.

### VII.
### JURY DEMAND

25.    Defendants/Counter-Plaintiff request a trial by jury.

### REQUESTED RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff respectfully requests Plaintiff/Counter-Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Defendant/Counter-Plaintiff against Plaintiff/Counter-Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Defendant/Counter-Plaintiff may be entitled at law or in equity, and that Plaintiff/Counter-Defendant recover nothing.

Respectfully submitted,

*/s/ Kyle Randall Akin*
Kyle Randall Akin
Texas Bar No. 24105422
Gregory C. Burton
Texas Bar No. 24081679
**AKIN & BURTON, PLLC**
445 N. Fredonia St.
Longview, Texas 75601
Telephone: (903) 297-8929
Facsimile: (903) 297-9046
Email:  kakin@akinburton.com

Email:  gburton@akinburton.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to Fed. R. Civ. P. 5, a true and correct copy of the foregoing instrument was served upon the attorneys of record for all parties to the above cause on this the 22nd day of July, 2025 via the Court's electronic filing system.

/s *Kyle Randall Akin*
Kyle Randall Akin